UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 6: 05-23-DCR-5 |
| Plaintiff, | ) | and |
| | ) | Criminal Action No. 6: 05-85-DCR-1 |
| V. | ) | |
| | ) | |
| WILLIAM MICHAEL BURK, JR., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant William Burk, Jr., pleaded guilty to conspiring to possess with the intent to distribute 500 grams or more of methamphetamine, conspiring to commit money laundering, carrying a firearm during and in relation to a drug trafficking crime, and possessing an unregistered firearm. His guideline ranges under the 2005 edition of the United States Sentencing Guidelines in effect at the time of sentencing included a range of incarceration of 324 to 405 months.[1] On June 5, 2006, Burk was sentenced to a total term of 324 months' incarceration in London Criminal Action No. 6: 05-23-DCR and London Criminal Action No. 6: 05-85-DCR.[2]

---

[1] The United States moved for a reduced range of incarceration pursuant to section 5K1.1 of the guidelines. The motion was granted, resulting in a reduction of Burk's Total Offense Level from 41 to 38. With eight criminal history points, he was placed in Criminal History Category IV.

[2] Burk was sentenced to a total term of incarceration of 264 months in London Criminal Action No. 6: 05-23-DCR and a concurrent term of 264 months' incarceration in London Criminal Action No. 6: 05-85-DCR, plus an additional consecutive term of 60 months for carrying a firearm in furtherance of a drug crime. This resulted in a total sentence of 324 months' incarceration. [*See* London Criminal Action No. 6: 05-85-DCR; Record No. 22.] The undersigned entered an amended judgment on May 18, 2018, reducing Burk's sentence by 12

Burk recently filed a *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. He claims he is eligible under Part A of Amendment 821, which may offer a sentence reduction for defendants who committed an offense while under a criminal justice sentence such as probation or parole. (U.S.S.G. Amend. 821, eff. Nov. 1, 2023.) During sentencing, two "recency points" were added to Burk's criminal history score because he committed the instant offenses while under a criminal justice sentence imposed by the Barren Circuit Court. For defendants like Burk who had more than six criminal history points, courts may now apply a one-point reduction of "recency points" assessed at sentencing under Part A of Amendment 821.

But after applying this one-point reduction to Burk's criminal history score, his Criminal History Category remains the same. Therefore, the applicable guidelines range for incarceration remains 324 months to 405 months. Within the Sixth Circuit, any reduction in a defendant's sentence is not authorized if an amendment promulgated by the Sentencing Commission "does not have the effect of lowering the defendant's applicable guideline range." *See United States v. Pembrook*, 609 F.3d 381 (6th Cir. 2010) (holding that an amendment did not alter the defendant's applicable guideline range, which is established prior to the sentencing court granting any discretionary departures). As a result, Burk is ineligible for relief under Amendment 821.

Next, Burk seemingly argues that the recent amendments to the Sentencing Guidelines alter the "851 enhancement" for federal drug trafficking offenders with prior felony drug

---

months following a sealed motion from the United States pursuant to Rule 35(b)(2)(A) of the Federal Rules of Criminal Procedure. [*See* London Criminal Action No. 6: 05-85-DCR; Record No. 39.] Burk presently is serving the balance of his 312-month term of imprisonment.

convictions. He is incorrect. The recent amendments offer no such change in law and do not provide Burk with an alternative ground for relief.

Finally, the Court notes that there is no constitutional right to appointed counsel in proceedings filed under 18 U.S.C. § 3582(c)(2). *See United States v. Pingleton*, 2015 WL 13836934, at *1, n.1 (E.D. Ky. Mar. 24, 2015) (collecting cases). Considering the lack of merit in Burk's request for a sentence reduction under Amendment 821, the appointment of counsel would be a waste of judicial resources. Based on the foregoing, it is hereby

**ORDERED** as follows:

1. Defendant Burk's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines [Record No. 43 in London Criminal Action No. 6: 05-85-DCR and Record No. 285 in London Criminal Action No. 6: 05-23-DCR] is **DENIED**. Likewise, his motion for the appointment of counsel [Record No. 43 in London Criminal Action No. 6: 05-85-DCR and Record No. 285 in London Criminal Action No. 6: 05-23-DCR] is **DENIED**.

2. The Clerk of the Court is directed to update the defendant's address to the following: William Michael Burk, FCI Talladega, Register Number: 09162-032, P.M.B 1000 Talladega, Alabama 35160.

Dated: February 1, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky